IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC.
    **Plaintiff**

V.                                                                                                          CIVIL ACTION NO.

KOK CONSOLIDATED LLC D/B/A
KOK WINGS & THINGS, COREY MCCOY,
AVERY BELL, JARED JOHNSON, TRE'JAN
VINSON, QUINCY CAWTHORNE, LAWRENCE
LEVY IV, MELISSA CARMOUCHE AND THE
ESTATE OF JAMIR CARMOUCHE
    **Defendants**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Associated Industries Insurance Company, Inc. ("AIIC"), by and through its undersigned counsel, and submits this, its Complaint for Declaratory Judgment against the Defendants, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, to seek resolution of the duties, obligations and coverages, if any, owed to its insured under its policy of insurance issued to KOK Consolidated LLC d/b/a KOK Wings and Things ("KOK"), and in support thereof, Plaintiff would respectfully show unto this Honorable Court the following:

### PARTIES AND JURISDICTION

1. Plaintiff AIIC is a Florida corporation with its principal place of business in New York, New York.

2. Defendant KOK is a Louisiana limited liability company with its principal place of business in Louisiana. Its members are Corey McCoy, Avery Bell, Jared Johnson, Tre'Jan Vinson, and Quincy Cawthorne.

3. Defendant Corey McCoy is an individual resident of the State of Louisiana.

4. Defendant Avery Bell is an individual resident of the State of Louisiana.

5. Defendant Jared Johnson is an individual resident of the State of Louisiana.

6. Defendant Tre'Jan Vinson is an individual resident of the State of Louisiana.

7. Defendant Quincy Cawthorne is an individual resident of the State of Louisiana.

8. Defendant Lawrence Levy IV is an individual resident of the State of Louisiana.

9. Defendant Melissa Carmouche is an individual resident of the State of Louisiana.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because the policy was issued to the insured located in this district and the underlying dispute giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

12. On or about November 9, 2024, a shooting occurred on the premises of the KOK Wings and Things Restaurant and Bar (the "Restaurant") located at 405 E. University Avenue, in Lafayette, Louisiana 70503.

13. Multiple gunmen allegedly opened fire at the Restaurant during a homecoming event for the University of Louisiana at Lafayette, resulting in injuries and to multiple patrons. Upon information and belief, two patrons were killed as a result of the shooting.

14. The Restaurant was allegedly operated by KOK. Defendants Corey McCoy, Avery Bell, Jared Johnson, Tre'Jan Vinson, and Quincy Cawthorne are members and managers of KOK.

15. As a result of the incident, at least two (2) lawsuits have been filed against KOK.

16. The first lawsuit, filed by Defendant Lawrence Levy IV, names Corey McCoy, Avery Bell, Jared Johnson, Tre'Jan Vinson, and Quincy Cawthorne personally as defendants.[1]

17. Defendant Lawrence Levy allegedly suffered a gunshot wound to the leg from which he is still suffering as the bullet is lodged inside of his body.[2]

18. The second lawsuit, filed by Defendant Melissa Carmouche, names KAANO Investment Group, LLC as a defendant.[3]

19. Defendant Melissa Carmouche alleges that KAANO Investment Group, LLC and KOK entered into an agreement whereby KOK assumed full responsibility of the Restaurant premises, including the duty to maintain the premises in a good and safe condition.[4]

20. Defendant Melissa Carmouche alleges, as the biological mother of Jamir Carmouche, that her son was struck and killed in the November 9, 2024 shooting.[5]

## THE COVERAGE DISPUTE

21. AIIC issued an insurance policy to KOK bearing Policy Number AES1253548 00, effective August 23, 2024 to August 23, 2025.[6]

22. An endorsement contained in the Policy titled "Exclusion – Firearm(s) or Weapon(s)," AES GL 248 0723, precludes coverage for bodily injuries arising from the use of firearms. That endorsement provides, in pertinent part:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **EXCLUSION – FIREARM(S) OR WEAPON(S)**

---

[1] *See* Levy Petition, attached hereto as Exhibit "A."
[2] Exhibit A, at ¶ 9.
[3] *See* Carmouche Petition, attached hereto as Exhibit "B."
[4] *See* Carmouche Amended Petition, attached hereto as Exhibit "C," at ¶¶ 2-3.
[5] Exhibit B, at ¶¶ 9, 11.
[6] *See* AIIC Policy, attached hereto as Exhibit "D."

3

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following Exclusion is added to SECTION I – COVERAGES, paragraph 2. Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and paragraph 2. Exclusions of COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:

Notwithstanding any other provision of this policy, this insurance does not apply to:

**Firearm(s) or Weapon(s)**

Any claim or "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" arising, in whole or in part, from the use or threatened use of any "firearm(s)" or other "weapon(s)". This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

SECTION V – DEFINITIONS is amended to include the following:

- "Firearm(s)" means any device (including but not limited to antique or starter guns) which when discharged can expel a projectile by means of an explosive or is designed or may be readily converted to do so. This includes the frame or receiver of any such device or any firearm muffler or silencer.

    \*          \*          \*

We shall have no obligation to defend or indemnify any insured for any such claim or "suit" alleging damages out of the above regardless of any other cause that contributes in any sequence to the injury or damage.

23. The November 9, 2024 shooting involved the use of "firearm(s)." The alleged gunshot injuries sustained by the claimants "arise out of" this event—for which coverage under the AIIC Policy is excluded.

24. The AIIC Policy's Firearm(s) or Weapon(s) exclusion applies to all claims asserted against KOK, including negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by KOK.

25. A genuine case or controversy exists between the Plaintiff and Defendants as to the applicability of the "Exclusion – Firearm(s) or Weapon(s)" endorsement to the claims against the insured.

26. AIIC has denied coverage under these "Exclusion – Firearm(s) or Weapon(s)" endorsement.

27. Because the parties dispute whether the Policy applies to the claims asserted by Levy and Carmouche against other Defendants, a present controversy exists between Plaintiff and Defendants.

28. The amount in controversy with respect to a Declaratory Judgment Action on an insurance policy is determined by the value of the underlying claims. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 353 (5th Cir. 2023).

29. Decisions from Louisiana courts demonstrate that, even with conservative care, the injuries asserted by Lawrence Levy IV alone (if proven) would warrant a general damage award exceeding $75,000,[7] over and above any special damage award proven for medical bills.

30. Decisions from Louisiana courts demonstrate that the wrongful death and survival claims asserted by Melissa Carmouche (if proven) would warrant general damage awards exceeding $75,000.[8]

---

[7] *Baudier v. Cheron*, 04-5 (La. App. 5 Cir. 5/26/04) 876 So. 2d 165 ($150,000 general damage award for gunshot wound to pelvis); *Barker v. City of New Orleans*, 503 So. 2d 536 (La. App. 4 Cir. 2/12/87) (Damage award of $544,101.19 for gunshot wound to upper right thigh reduced on appeal to $84,101.19); *Williams v. Tastee Donuts, Inc.*, 638 So. 2d 255 (La. App. 5 Cir. 1994), writ denied, 642 So. 2d 1299 (La. 1994) (Damage award of $94,000 for gunshot wound to shoulder).
[8] *Wilson v. Town of Mamou*, 07-409 (La. App. 3 Cir. 12/19/07) 972 So.2d 461 ($150,000 general damage award to each child for wrongful death of mother killed by gunshot); *Hattori v. Peairs*, 95-0144 (La. App. 1 Cir. 10/6/95) 662

31. Plaintiffs in the underling cases seek to recover these damages from AIIC's insured(s).[9]

32. The amount in controversy between AIIC and the Defendants therefore exceeds $75,000.

33. AIIC is entitled to a Judgment of this Court declaring that the Policy excludes coverage for Defendants' claims and that AIIC has no obligation to defend or indemnify KOK against Defendants' claims.

## PRAYER FOR RELIEF

WHEREFORE, Associated Industries Insurance Company, Inc. prays that this Court issue a Declaratory Judgment in this matter declaring:

a. That the AIIC Policy's "Exclusion – Firearm(s) or Weapon(s)", AES GL 248 0723 endorsement precludes any recovery under the AIIC Policy for the claims asserted by Lawrence Levy IV and Melissa Carmouche against KOK;

b. That AIIC has no duty to defend or indemnify KOK, Corey McCoy, Avery Bell, Jared Johnson, Tre'Jan Vinson, and Quincy Cawthorne in connection with the November 9, 2024 incident;

c. Awarding all costs AIIC incurs to prosecute this action; and

d. Awarding AIIC such other and additional relief in this action to which the facts and the law show it is entitled.

This the 30th day of October, 2025.

---

So.2d 509 ($275,000 general damage award to each parent of shooting victim); *Muse v. Dunbar*, 97-582 (La. App. 3 Cir. 6/10/98) 716 So.2d 110 ($100,000 wrongful death damages and $100,000 survival damages awarded to mother of shooting victim).
[9] *See*, Exhibit A-C.

Respectfully submitted,

**TAYLOR, WELLONS, POLITZ & DUHE, LLC**


*/s/ Brinley A. Rhys*
Paula M. Wellons (La. Bar No. 19028)
Jonathan B. Womack (La. Bar No. 30801)
Brinley A. Rhys (La. Bar No. 41500)
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
Email:  pwellons@twpdlaw.com
           jwomack@twpdlaw.com
           brhys@twpdlaw.com

*Counsel for Associated Industries Insurance Company, Inc.*